# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
STEVEN MCGEHEE,                        *      No. 14-1020V
                                       *      Special Master Christian J. Moran
                 Petitioner,           *
                                       *      Filed: January 26, 2017
v.                                     *
                                       *      Attorneys' fees and costs
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                 Respondent,           *
* * * * * * * * * * * * * * * * * * * *
```

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for petitioner;
Glenn A. MacLeod, United States Dep't of Justice, Washington, DC, for
respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On November 29, 2016, petitioner moved for final attorneys' fees and costs
in the above-captioned matter. **Petitioner is awarded $31,071.63**, an amount
slightly reduced from the original requested.

On October 21, 2014, Steven McGehee filed a petition seeking
compensation for "injuries he sustained after receiving the influenza vaccine" on
October 24, 2011. The undersigned issued a decision awarding compensation to
petitioner based on the parties' joint stipulation. Decision, issued June 15, 2016,
2016 WL 3675405.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

Because petitioner received compensation, petitioner is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Petitioner filed the pending motion for attorneys' fees and costs on November 29, 2016. Petitioner seeks a total of **$31,556.63** ($30,753.00 in attorneys' fees and $803.63 in costs). In compliance with General Order No. 9, petitioner states that he advanced no monies for reimbursable costs in pursuit of his claim. The Secretary filed a response stating no specific objections to the motion were made, but suggesting the undersigned "exercise his discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp., filed Dec. 16, 2016.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*     \*     \*

For hourly rates, petitioner's attorney proposed $350 per hour and the two paralegals charged $135 per hour. These are reasonable rates.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Here, petitioner's legal team spent an excessive amount of time reviewing the routine communications from the Court informing the parties that documents

had been filed.  On some occasions, separate charges were made for electronic notices generated the same day.  On some occasions, both the attorney and the paralegal charged for reviewing the same notice.  While this pattern happened relatively consistently, any particular charge was not especially large.  Therefore, to accomplish rough justice, one hour of attorney time ($350) and one hour of paralegal time ($135) is deducted.[2]

Lastly, in addition to seeking attorneys' fees, petitioner also seeks an award of costs.  The requested costs are reasonable and adequately documented.

After reviewing the request, the Court awards the following:

**A lump sum of $31,071.63 in the form of a check made payable to petitioner and petitioner's attorney, Nancy R. Meyers, of Ward Black Law, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Petitioner's attorney is reminded to avoid block billing.  See entry 3/3/2015.
[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.